**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASCUAL PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 13-1231 (ES)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal by *pro se* Plaintiff Pascual Perez ("Plaintiff") of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively. On February 2, 2017, the Commissioner filed the Administrative Record (D.E. No. 26), which constitutes an Answer under this District's local rules.[1] *See* L. Civ. R. 9.1(c)(1). The following day, on February 3, 2017, the Court issued a Letter Order informing the parties of the applicable Local Civil Rules and ordering Plaintiff to file a brief in support of his appeal "no later than April 18, 2017." (D.E. No. 27, Letter Order). The Court noted that "Plaintiff's failure to comply with the applicable deadline will result in termination of this appeal." (*Id.*). Plaintiff did not comply with the Court's Letter Order. In light of Plaintiff's *pro se* status, on August 8, 2017, the Court *sua sponte* granted Plaintiff an extension to file his supporting brief until August 28, 2017. (D.E. No. 28, Order). Again, the Court warned Plaintiff that "failure to comply with the Court's *sua sponte* extension will result in termination of this appeal." (*Id.* at 2). To date—over eight months since the filing of the

---

[1] Pursuant to Local Civil Rule 9.1(e)(1), a plaintiff in a social security matter must file a brief within 75 days of receipt of the Answer.

1

Commissioner's Answer—Plaintiff has not filed a brief in support of his appeal, nor otherwise responded to the Court's Orders. Accordingly, for the reasons set forth below, Plaintiff's appeal is DISMISSED *without prejudice* for failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This Rule has been interpreted to permit a district court to dismiss an action *sua sponte*. *See Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858 (3d Cir. 2012) ("Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a plaintiff fails to prosecute his case."). Dismissal for failure to prosecute may be appropriately invoked only after analyzing several factors, including: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis v. State Farm Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Shields*, 474 F. App'x at 858; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Here, the bulk of the *Poulis* factors weigh in favor of dismissing this case without prejudice. In the absence of any evidence to the contrary, the Court finds Plaintiff's conduct in delaying this case is attributable to him personally. *See Shields*, 474 F. App'x at 858 (finding that plaintiff, "who is proceeding pro se, is personally responsible for failing to prosecute his case"). Plaintiff has had over eight months to explain to the Court the reasons for his failure to file his supporting brief or to request an extension of his deadline, but he has not done so. Both

Plaintiff's initial failure to file his supporting brief pursuant to the Court's February 3, 2017 Letter Order and subsequent failure to comply with the Court's August 9, 2017 Order demonstrate that Plaintiff has abandoned this case. *See Wynne v. Colvin*, No. 15-7984, 2017 WL 599415, at *2 (D.N.J. Feb. 14, 2017) (finding that plaintiff's initial failure to file supporting brief and subsequent failure to comply with court's order demonstrated that plaintiff had abandoned the case).

Because there have only been two incidents of dilatory conduct in this case thus far, for the purposes of the *Poulis* balancing test, there is no history of dilatoriness in this case. *See Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) ("[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'"). Nonetheless, the Court finds Plaintiff's dilatoriness in filing his supporting brief has caused prejudice to the Commissioner, who, pursuant to Local Civil Rule 9.1(e)(2), can file a responsive brief only after receipt of Plaintiff's supporting brief. *See Wynne*, 2017 WL 599415, at *2 (finding that plaintiff's failure to file brief prejudiced Commissioner). Thus, the Commissioner has been unable to oppose Plaintiff's appeal.

In considering the effectiveness of an alternative sanction, the Court finds that, based on Plaintiff's unresponsiveness to both Court Orders and his apparent abandonment of the case, alternative sanctions would be futile. *Cf. Wieszalski v. Colvin*, No. 12-0733, 2014 WL 1153737, at *2 (M.D. Ala. Mar. 20, 2014) (dismissing social security appeal because, by ignoring previous court orders, "the Court ha[d] no reason to believe that Plaintiff will . . . comply with any further orders this Court may enter imposing any lesser sanction").

Finally, in considering the sixth *Poulis* factor, the Court does not have sufficient grounds at this stage of the proceedings to evaluate the meritoriousness of Plaintiff's claims because Plaintiff has not filed a supporting brief explaining the basis for his appeal.

For these reasons, the Court finds that, on balance, the *Poulis* factors weigh in favor of dismissing this case *without prejudice*.[2] An appropriate Order accompanies this Memorandum Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] *See Shields*, 474 F. App'x at 858 (analyzing *Poulis* factors and affirming *sua sponte* dismissal of *pro se* social security appeal for failure to prosecute); *see also Enix v. Comm'r of Social Sec.*, 461 F. App'x 861, 864 (11th Cir. 2012) (affirming dismissal of social security appeal due to plaintiff's failure to file a brief challenging the ALJ's decision despite two orders instructing plaintiff to do so); *Tripp v. Comm'r of Social Sec. Admin.*, 471 F. App'x 631, 632 (9th Cir. 2012*)* (affirming dismissal of social security appeal for failure to prosecute and failure to comply with court orders).